UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>          Plaintiff,<br>v.<br>FRANKY GOMEZ,<br>          Defendant.<br>_____/ | No. C 11-4694 MEJ<br><br>**ORDER FOR CLERK OF COURT TO REASSIGN CASE**<br><br>**REPORT & RECOMMENDATION** |

This is an unlawful detainer action brought by Plaintiff Federal National Mortgage Association in the Superior Court of the State of California, County of San Joaquin . Not. of Removal, Dkt. No. 1. On September 21, 2011, Defendant Franky Gomez ("Defendant") removed the case to this Court. *Id*. As jurisdiction appeared lacking, the Court ordered Defendant to show cause why the case should not be remanded. Dkt. No. 4. Defendant failed to respond. As Defendant has not consented to magistrate jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this case be remanded to San Joaquin County Superior Court. The October 20, 2011 o.s.c. hearing is VACATED.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject

matter jurisdiction. 28 U.S.C. § 1447(c). The Ninth Circuit strictly construes the removal statute against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566. Moreover, the burden of overcoming the "strong presumption" against removal is always on the defendant. *Id.*

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal. An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Further, although Defendant alleges diversity jurisdiction, Defendant admits that he is a resident of the State of California, (Not. of Removal at 2), and Plaintiff brought this action in California as the property at issue is located in the state. Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse. 28 U.S.C. § 1441(b). Moreover, the amount in controversy requirement does not appear to be met because Plaintiff's damages claim is under $10,000. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000. Thus, as jurisdiction appears to be lacking, and Defendant failed to respond to the order to show cause, the Court finds that he has failed to meet his burden of demonstrating grounds for jurisdiction over Plaintiff's single claim for unlawful detainer brought pursuant to California law. Accordingly, the undersigned RECOMMENDS that the District Court REMAND this case to San Joaquin County Superior Court.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO RECOMMENDED.**

Dated: October 13, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

        Plaintiff,

   v.

FRANKY GOMEZ,

        Defendant.
_____/

Case Number: 11-4694 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Franky Gomez
6123 Mohican Drive
Manteca, CA 95336


Dated: October 13, 2011

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk

3